IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PANDIGITAL, INC.,

    Plaintiff,

  v.

DISTRIPARTNERS B.V.,

    Defendant.

_____/

No. C 12-01588 CW

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant DistriPartners B.V. moves to dismiss Plaintiff Pandigital Inc.'s First Amended Complaint. Defendant seeks dismissal based on lack of personal jurisdiction and the doctrine of <u>forum non conveniens</u>. Plaintiff opposes the motion.[1] The motion will be decided on the papers. Having considered the papers filed by the parties, the Court hereby denies Defendant's motion.

BACKGROUND

Plaintiff Pandigital is a Delaware corporation with its principal place of business in California. First Amended Complaint (FAC) at ¶ 1. Plaintiff manufactures consumer

---

[1] Plaintiff objects to various statements contained in declarations filed in support of Defendant's motion. The Court has reviewed Plaintiff's evidentiary objections and has not relied on any inadmissible evidence. The Court will not discuss each objection individually.

1  electronics.  FAC at ¶ 8.  Defendant DistriPartners is a
2  Netherlands company.  See FAC at ¶ 2.  This dispute arises out of
3  an agreement between the parties under which Defendant acted as a
4  distributor for Plaintiff's products in various European
5  countries.  FAC at ¶ 8.  Through this agreement, Defendant was
6  permitted to purchase Plaintiff's products on credit and to remit
7  payment at a later date.  Id.  Plaintiff claims that Defendant
8  failed to pay for over $270,000 worth of products provided under
9  this agreement.  FAC at ¶ 9.  Defendant argues that the Court
10 lacks personal jurisdiction over it.  In the alternative,
11 Defendant argues that the complaint should be dismissed pursuant
12 to the doctrine of forum non conveniens.
13     Plaintiff alleges that Guido Liber, a representative of
14 Defendant, emailed Plaintiff's sales department, inquiring about
15 opportunities to distribute Plaintiff's products in Europe.
16 Dalesio Dec. at ¶ 4.  Following email and telephone correspondence
17 between Liber and Alex Dalesio, Vice President of International
18 Business Development for Plaintiff, Dalesio and another
19 representative of Plaintiff met with Liber in Belgium.  Dalesio
20 Dec. at ¶¶ 5-7.
21     Plaintiff asserts that, during that meeting, Liber proposed
22 that DistriPartners act as a sales representative for Pandigital
23 in Germany and there was no discussion of DistriPartners acting as
24 a distributor of Pandigital products.  Dalesio Dec. at ¶ 7.  The
25 parties did not reach any agreement at the meeting in Belgium but,
26 when Plaintiff's relationship with its sales representative in
27 Germany ended, it began negotiating with Defendant to fill that
28 role.  Dalesio Dec. at ¶ 9.

2

Defendant began acting as a sales representative for Defendant in May 2010. Dalesio Dec. at ¶ 14. In November 2010 Defendant asked to operate as a distributor for Plaintiff. Dalesio Dec. at ¶ 15. In that role, Defendant would purchase products from Pandigital and re-sell them to customers in Europe. Dalesio Dec. at ¶ 15. In furtherance of its role as distributor, Defendant applied for credit with Sourcing Network Sales LLC, doing business as Pandigital, in order to receive products on credit. Dalesio Dec. at ¶ 15. Defendant subsequently submitted purchase orders for Plaintiff's products between November 2010 and February 2011. Dalesio Dec. at ¶ 17 and Ex. A-9. Plaintiff then generated invoices dated between November 2010 and May 2011 for the amounts owed by Defendant for the products supplied. Dalesio Dec. at ¶ 18 and Ex. A-10.

In March 2011, Rene Durieux and Liber traveled to Plaintiff's headquarters in Dublin, California to meet with Plaintiff to discuss the parties' relationship and to plan for future developments. Dalesio Dec. ¶ 20

Plaintiff alleges that Defendant owes it $277,322.98 for products it supplied to Defendant for which Defendant has not paid it. FAC at ¶¶ 9-11. Plaintiff alleges three causes of action: breach of contract, quantum valebant, and account stated.

## DISCUSSION

A. Personal Jurisdiction

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that the court has jurisdiction. Schwarzenegger v. Fred Martin Motor Co.,

3

374 F.3d 797, 800 (9th Cir. 2004). To satisfy this burden, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). If the plaintiff also submits admissible evidence, conflicts in the evidence must be resolved in the plaintiff's favor. AT&T, 94 F.3d at 588.

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, Inc., 557 F.2d at 1286. Because California's jurisdictional statute is co-extensive with federal due process requirements, jurisdictional inquiries under state law and federal due process standards merge into one analysis. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has sufficient "minimum contacts" with the forum state that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either general or specific.

Plaintiff does not argue that the Court has general

4

jurisdiction over Defendant.  Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).  Each of these conditions is required for asserting specific jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

A showing that a defendant "purposefully availed" itself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there.  Schwarzenegger, 374 F.3d at 802.  The requirement of purposeful availment ensures that the defendant should reasonably anticipate being haled into the forum state court based on its contacts.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  The purposeful availment test is met where "the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents."  Ballard, 65 F.3d at 1498.

The second factor requires that the claim arise out of or result from the defendant's forum-related activities.  A claim arises out of a defendant's conduct if the claim would not have arisen "but for" the defendant's forum-related contacts.

5

Panavision Int'l v. L.P.v. Toeppa, 141 F.3d 1316, 1322 (9th Cir. 1998).

Once the plaintiff has satisfied the first two factors, the defendant bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985); Haisten v. Grass Valley Medical Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986).

        a.   Purposeful Availment and Arising Out Of

Here, it is undisputed that Defendant, a foreign company, acted as a distributor for Plaintiff, a California company. It is also undisputed that Defendant had extremely limited physical contacts with the state of California. Virtually all of the communications between the parties occurred by telephone or email, or at in-person meetings in Europe. Only one meeting between the parties took place in California. Dalesio Dec. at ¶ 20. According to Defendant, that visit was the only time that any representative of Defendant has ever been to California. Durieux Dec. at ¶ 15.

In support of its argument that the Court has specific jurisdiction over Defendant, Plaintiff argues that Defendant purposely availed itself of the privilege of doing business in California when it approached Plaintiff about establishing a business relationship and later entered into an ongoing business relationship with Plaintiff. "Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Shute v. Carnival Cruise Lines, 897 F.3d 377, 381 (9th Cir. 1990),

rev'd on other grounds, 499 U.S. 585 (1991).

The Ninth Circuit has held that "a non-resident defendant's act of soliciting business in the foreign state will generally be considered purposeful availment if that solicitation results in contract negoitations or the transaction of business." Shute, 897 F.2d at 381, citing Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988); Decker Coal Co. v. Commonwealth Edison Co.; see also Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984); Taubler v. Giraud, 655 F.2d 991, 994 (9th Cir. 1981). Defendant's solicitation of business from Plaintiff, a California company, constitutes purposeful availment, and the claims arise out of the business transactions that resulted from that solicitation. Accordingly, Plaintiff has met the first two criteria for specific jurisdiction.

The cases cited by Defendant in support of its argument that personal jurisdiction cannot be established are unavailing. Several of Defendant's citations concern general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984); Gates Learjet, 743 F.2d at 1331; Thomas P. Gonzales Corp. v. Consejo Nacional de Produccion de Costa Rica, 614 F.2d 1247, 1254 (9th Cir. 1980). Moreover, none of the cases involves a defendant soliciting business within the forum state.

    b.    Reasonableness

The final step of the specific jurisdiction inquiry requires a court's exercise of jurisdiction to be reasonable. Data Disc, Inc., 577 F.2d at 1287. The Ninth Circuit considers seven factors in assessing whether the exercise of jurisdiction over a non-resident defendant is reasonable: (1) the extent of the

7

1  defendant's purposeful interjection into the forum state's
2  affairs, (2) the burden on the defendant of defending in the
3  forum, (3) conflicts of law between the forum state and the
4  defendant's home jurisdiction, (4) the forum state's interest in
5  adjudicating the dispute, (5) the most efficient judicial
6  resolution of the dispute, (6) the plaintiff's interest in
7  convenient and effective relief, and (7) the existence of an
8  alternative forum.  Caruth v. International Psychoanalytical
9  Ass'n, 59 F.3d 126, 128 (9th Cir. 1995); Roth v. Garcia Marquez,
10 942 F.2d 617, 623 (9th Cir. 1991).

11     Defendant's primary argument is that forcing it to litigate
12 in California "would impose a heavy burden" on it because it "is
13 located and operates in the Netherlands, and has no resources to
14 be in California."  Defendant's Motion to Dismiss at 18.  However,
15 the courts have long noted that "[i]mprovements in communication
16 and transportation have reduced much of the historical burden of
17 litigating in a distant forum."  Decker Coal Co., 805 F.2d at 841,
18 citing Hanson v. Denckla, 357 U.S. 235, 250-51 (1958); Raffaele v.
19 Compagnie Generale Maritime, S.A., 707 F.2d 395, 398 (1983).
20 Moreover, the Ninth Circuit has held that unless the inconvenience
21 to a defendant "is so great as to constitute a deprivation of due
22 process, it will not overcome clear justifications for the
23 exercise of jurisdiction."  Caruth, 59 F.3d at 128-29.  The burden
24 on Defendant to litigate in California would be significant, but
25 Defendant has not shown that it would be so great as to deprive it
26 of due process.  As Plaintiff points out, Defendant has
27 successfully used technology and transportation to carry on the
28 business relationship at issue in this case.

Defendant further argues that it has not purposefully interjected itself into the state. However, as discussed above, the Court has found that Defendant has sufficiently interjected itself into California to satisfy the purposeful availment prong of the specific jurisdiction analysis. Although the degree to which Defendant has interjected itself into the state is not great, the Court finds that the limited nature of the interjection is not sufficient to overcome the presumption of reasonableness.

Accordingly, the Court denies Defendant's motion to dismiss based on lack of personal jurisdiction.

C.   Forum non Conveniens

Defendant also moves to dismiss Plaintiff's complaint on the grounds of forum non conveniens. Under the doctrine of forum non conveniens, the district court has discretion to decline to exercise jurisdiction in a case where litigation in an alternative forum would be more convenient for the parties. Dismissal based on forum non conveniens is "an exceptional tool to be employed sparingly." Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000). The Supreme Court instructs that dismissal is ordinarily appropriate only where "the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981).

In deciding whether to dismiss an action due to forum non conveniens, the district court must "consider the availability of an adequate alternative forum, and then . . . whether several 'private' and 'public' interest factors favor dismissal." Leetsch

9

v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001).

Defendant's primary argument is, again, that it is a small company, and the need for its employees to travel to the United States would negatively impact its business. Defendant also argues that travel to the Netherlands would not be burdensome for Plaintiff. Finally, Defendant asserts that there are courts in the Netherlands that "are more than competent" to resolve Plaintiff's claims. Defendant's Motion to Dismiss at 19. Defendant has not addressed any of the other private or public interest factors the Court must consider. See Lueck v. Sundstrand Corp., 236 F.3d 1137, 1147-47 (9th Cir. 2001) (enumerating a non-exclusive list of seven private interest and five public interest factors to be considered by courts in evaluating forum non conveniens arguments).

There is a strong presumption in favor of the domestic plaintiff's choice of forum, which can be overcome only when the private and public factors clearly point towards trial in the alternative forum. Piper Aircraft, 454 U.S. at 265-66; Ravelo Monegro, 211 F.3d at 514. Defendant has not provided sufficient argument or evidence to overcome this presumption.

Because the Court finds that it has specific jurisdiction over Defendant and rejects Defendant's forum non conveniens argument, it need not consider Plaintiff's alternative argument that this dispute is governed by a valid forum selection clause identifying the state and federal courts of the State of California as the exclusive fora.

10

```
```
CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. A case management conference will be held in this case on Wednesday, January 9, 2013 at 2:00 p.m. in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference.

IT IS SO ORDERED.

Dated: 12/14/2012

CLAUDIA WILKEN
United States District Judge